## UNITED STATES *v.* BRYANT & Another.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF ALABAMA.

Submitted April 15th, 1884.—Decided May 5th, 1884.

*Action—Practice—United States.*

Under §§ 2942 and 2943 of the Code of Alabama, of 1876, which provide for the bringing of a suit for the recovery of personal chattels in specie, and for the making of an affidavit by "the plaintiff, his agent or attorney," that the property sued for belongs to the plaintiff, and for the giving by the plaintiff of a bond for costs and damages, as prerequisites to the making of an order for the seizure of the property, an affidavit, in such a suit by the United States, in the Circuit Court of the United States, made by a special agent of the General Land Office, in which he swears, "to the best

of his knowledge, information and belief," that the property sued for belongs to the United States, is sufficient.

Under § 1001 of the Revised Statutes of the United States, the United States are not required to give the bonds provided for by the Code of Alabama, as a condition precedent to the right to avail themselves of said provisions of that Code.

Where, in such suit, the Circuit Court, after the seizure of the property, vacated the order for its seizure, on the ground of the insufficiency of the affidavit and for the want of a bond, but the United States had a judgment, and brought a writ of error, this court reversed the order of the Circuit Court vacating the order of seizure.

This was an action at law brought by the United States, in the Circuit Court of the United States for the Southern District of Alabama, against Henry Bryant and J. V. Weekley, the complaint in which, filed August 8th, 1879, states that the plaintiffs claim of the defendants 2,740 pine logs, with the use thereof during the detention. The bark-marks and stamps and sizes and value of the logs were set forth, and the times when and places where they were cut.

With the complaint there was filed an affidavit in these words :

" United States of America, Southern District of Alabama, ss. : On this the 8th day of August, A.D. 1879, before me, Henry S. Skaats, a commissioner of the Circuit Court of said district, personally appeared J. J. Gainey, special agent General Land Office, who, being first sworn, deposes and says, that, to the best of his knowledge, information, and belief, the property sued for in the case of the United States against Henry Bryant and J. V. Weekley, for the recovery of two thousand seven hundred and forty pine logs, of the value of one dollar and twenty-five cents each, is the property of the plaintiffs, the said United States. J. J. Gainey. Sworn and subscribed before me this 8th day of August, A.D. 1879. Henry Skaats, U. S. Commissioner Sou. Dist. of Ala."

Thereupon, the clerk of the court issued the following order for seizure :

" United States of America : Circuit Court of the United States for the Southern District of Alabama. J. J. Gainey,

special agent to the Commissioner of the General Land Office, having made affidavit, to the best of his knowledge, information, and belief, that the property sued for in the annexed complaint, namely, two thousand seven hundred and forty pine logs or sticks of timber, belongs to the plaintiff in said suit, the marshal of the United States for the Southern District of Alabama is required to take the property mentioned in the said complaint into his possession, unless the defendants give bond, payable to the said plaintiffs, with sufficient surety, in double the amount of the value of the property, with condition that if the defendant is cast in the suit he will within thirty days thereafter deliver the property to the plaintiffs, and pay all costs and damages which may accrue from the detention thereof. N. W. Trimble, Clerk U. S. Circuit Court Sou. Dist. Ala."

A summons having been issued, the marshal, on the 15th of January, 1880, made a return that he had served the summons and complaint on Bryant and had seized 858 of the logs described.

On the 22d of January, 1880, the defendants moved the court for an order dissolving the order of seizure, and directing the restoration of the property, on the ground that the record showed "that no affidavit or bond was given by the plaintiff, as required by law in detinue suits, to authorize the seizure by the marshal of the property sued for." This motion was founded on the following provisions of the statute of Alabama (Code, 1876):

"§ 2942 (2593). When a suit is brought for the recovery of personal chattels in specie, if the plaintiff, his agent or attorney, make affidavit that the property sued for belongs to the plaintiff, and execute a bond in such sum and with such surety as may be approved by the clerk, with condition that if the plaintiff fail in the suit he will pay the defendant all such costs and damages as he may sustain by the wrongful complaint, it is the duty of the clerk to indorse on the summons that the sheriff is required to take the property mentioned in the complaint into his possession, unless the defendant give bond payable to the plaintiff, with sufficient surety, in double the amount of the value of the property, with condition that if the defendant is cast in the suit, he will,

within thirty days thereafter, deliver the property to the plaintiff and pay all costs and damages which may accrue from the detention thereof.

"§ 2943 (2594). If the defendant neglect for five days to give such bond, the property sued for must be delivered to the plaintiff, on his giving bond, with sufficient surety, in double the value of the property, payable to the defendant, with condition to deliver the property to the defendant within thirty days after judgment, in case he fail in the suit, and to pay damages for the detention of the property and costs of suit. If the plaintiff fail for five days to give such bond, after the expiration of the time allowed the defendant, the property must be returned to the defendant."

Before the motion was decided, the court, on the application of the United States, made an order, *ex parte*, on the 16th of February, 1880, directing the marshal to sell the logs at public auction. The sale was advertised for March 10th, but on March 8th the court stayed the execution of the order of sale till the pending motion to dissolve the order of seizure should be determined. On June 9th, 1880, the court made an order granting the motion to dissolve the order of seizure, and directing the marshal to restore the property seized. The United States excepted to such ruling. On January 10th, 1881, the case was tried by a jury, which found for the plaintiffs 500 logs and assessed their value at $150, and a judgment was entered that the plaintiffs recover of the defendants said 500 logs, or their alternate value, $150. On the same day, the United States moved the court to vacate the order dissolving the seizure of the logs, on the ground that the defendants had no property which was not exempt from execution by the laws of Alabama, other than the logs seized. On the 13th of January, the motion was denied, and the plaintiffs excepted. They then brought this writ of error, to review the judgment and proceedings.

*Mr. Solicitor-General* for plaintiff in error, submitted on his brief.

No appearance for defendants in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court. He stated the facts in the foregoing language, and continued:

This is not the case of an attachment against the property of a defendant, under § 915 of the Revised Statutes, but is a case where, under § 914, the forms and modes of proceeding are to conform, "as near as may be," to the forms and modes of proceeding existing at the time, in a like cause, in the courts of record of Alabama.

The suit is one for the recovery of personal chattels in specie, under section 2942 of the Code of Alabama. The affidavit for seizure is made by the special agent of the General Land Office, who swears that, "to the best of his knowledge, information, and belief," the property sued for is the property of the United States. The statute authorizes the affidavit to be made by "the plaintiff, his agent or attorney." The making of an affidavit by an agent or attorney necessarily implies that he may not be able to make it on positive knowledge; and where, in such a suit as this, the agent is the special agent of the General Land Office, an affidavit "to the best of his knowledge, information, and belief" is sufficient, till controverted. The United States can act only by agents, and the language of this statute does not require that such an agent as the special agent of the General Land Office should swear in any stronger form that the property belongs to the United States, or should set forth the grounds of his knowledge, information, or belief. The conformity in this case was one "as near as may be" to the mode of proceeding in Alabama.

We are not aware of any case in Alabama holding the contrary. The Alabama statute in regard to attachments at law, Code, § 3252, *et seq.*, provides for issuing attachments against property in specified cases, and § 3255 for an affidavit to be made by "the plaintiff, his agent or attorney" of the amount of the debt or demand, and that it is justly due, and as to other matters. In *Mitchell* v. *Pitts*, 61 Ala. 219, in 1878, an affidavit for an attachment was made, under this statute, by an attorney for the plaintiffs, who swore "that he is informed and believes, and therefore states," that the debt was due, that the debtor and creditors resided out of the State of Alabama, and that,

" according to the best of affiant's knowledge and belief," certain facts existed which the statute required to be shown by the oath of " the plaintiff, his agent or attorney." It was objected by the defendant, that the recital in the affidavit, that the deponent was informed and believed that the defendant was indebted, &c., impaired the efficiency of his averment, thereupon made, of such indebtedness. But the court held otherwise, saying, that it was almost impossible that an attorney residing in the State could, where the parties resided out of it, absolutely know that the debt was still due and unpaid; that other causes for which attachments might issue, and which, under the statute, must be as positively sworn to by affidavit as the indebtedness of defendants, were of a nature which prevented it from being positively known whether they were true or not; and that, if the person who by law might make the oath, must positively know them to be true before he could swear to them, it could hardly ever happen that such causes would be available in any instance. These views properly apply to the case of a special agent of the General Land Office who is making oath to the property of the United States in pine logs.

A like ruling was made by the Supreme Court of Louisiana, in *Bridges* v. *Williams*, 1 Martin, N. S., 98. The statute allowed an agent, in an attachment case, to swear to the debt. He swore to it "to the best of his knowledge." The court held, that, to give effect to the statute, the agent must be allowed to swear in the only manner in which he could safely swear, except in some few particular cases, namely, to the best of his knowledge and belief.

As to the bond, it is provided by § 1001 of the Revised Statutes, that whenever any process issues from a Circuit Court, by the United States, no bond, obligation, or other security shall be required from the United States, either to prosecute the suit, or to answer in damages or costs. The adoption of the State practice " as near as may be " does not have the effect to abrogate the provision of § 1001, so as to require the United States to give a bond for costs and damages, as a condition of obtaining the order of seizure, or to require them to give the

· bond provided in § 2943 of the Alabama Code. It has been held that the United States are relieved by § 1001 from giving the undertaking required from a plaintiff by § 782 of the Revised Statutes of the District of Columbia, on issuing an attachment. *United States* v. *Ottman*, 23 Int. Rev. Rec. 294.

The order made by the Circuit Court, June 9th, 1880, dissolving the order for the seizure of the property and directing the marshal to restore the property seized, and its order of January 13th, 1881, denying the motion to vacate the order of June 9th, 1880, are reversed, and

*The case is remanded with direction to vacate the order of June 9th, 1880, and to take such further proceedings in the suit as may be according to law and not inconsistent with this opinion.*