### UNITED STATES v. KINNEY.

(District Court, E. D. Pennsylvania. April 1, 1920.)

No. 6328.

1. Costs ⬦▷109(3)—Provision that security shall not be required from the United States not restricted to appeals.

Rev. St. § 1001 (Comp. St. § 1661), providing that whenever a writ of error, appeal, or other process in law, admiralty, or equity issues from or is brought up to the Supreme Court or Circuit Court, either by the United States or by direction of any department thereof, no bond, obligation, or security shall be required from the United States, though found in connection with provisions relating to appeals, is not itself restricted to appeals.

2. Execution ⬦▷185—United States ⬦▷136—Rule requiring United States to interplead in execution is not process issued by the United States and security must be given.

While Rev. St. § 1001 (Comp. St. § 1661), declaring that, whenever a writ of error, appeal, or other process in law issues from, or is brought to a court, either by the United States or by direction of any department thereof, no bond, obligation, or security shall be required, is not restricted

to process in the narrow legal meaning of the word, nevertheless, where the United States claimed property levied on by the marshal on execution against the United States Shipping Board Emergency Fleet Corporation, and the marshal, pursuant to Act Pa. May 26, 1897 (P. L. 95), as amended by Act May 8, 1909 (P. L. 475), obtained a rule requiring the United States to interplead with the plaintiff in execution, the process was issued, not by the United States, but by the marshal; and hence, if the United States desired to retake the property, it must file bond as required by the Pennsylvania act, and, in event of failure, the provisions of that act, providing for sale and payment of the fund into court for disposition, govern.

At Law. In the action of Joseph R. Kinney against the Fairbanks Steam Shovel Company, the United States Shipping Board Emergency Fleet Corporation having become garnishee, judgment having been entered against the garnishee, and execution having been levied, the United States filed a claim with the marshal for the goods levied on, whereupon the court, on application of the marshal, made absolute a rule for an interpleader between the United States, claimant, and Joseph R. Kinney, plaintiff in execution. Sur motion of plaintiff in execution for an order directing the marshal to sell goods and chattels. Motion granted.

Francis Fisher Kane, U. S. Atty., of Philadelphia, Pa.
Reynolds D. Brown, of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. In the case of Kinney v. Fairbanks Steam Shovel Company, Defendant, and United States Shipping Board Emergency Fleet Corporation, Garnishee, No. 6328, June Term, 1919, judgment was entered November 28, 1919, against the garnishee, for $6,000. On January 29, 1920, execution was issued on said judgment, returnable the first Monday of February, 1920. On January 31st the United States filed a claim with the marshal for the goods and chattels levied upon, whereupon the court, on application of the marshal, made absolute a rule for an interpleader under the provisions of the Pennsylvania act of assembly of May 26, 1897 (P. L. 95), as amended by the act of May 8, 1909 (P. L. 475).

Section 2 of the act provides that if the court shall make the rule absolute the claimant shall give bond in double the value of the goods and chattels claimed, conditioned that he shall maintain his title to the goods and chattels or pay the value thereof to the party thereunto entitled, and thereupon the sheriff shall deliver said goods and chattels to the claimant.

Section 12 provides that, if the claimant fail to give a bond, but files his statement of title within the time specified, the court may, on motion of the plaintiff in the execution, direct a sale of the goods and chattels, and the proceeds shall be paid into court to await the determination of the issue.

[1] The United States objects to the order of sale, relying upon section 1001, Revised Statutes (Comp. St. § 1661), providing as follows:

"Whenever a writ of error, appeal, or other process in law, admiralty, or equity, issues from or is brought up to the Supreme Court, or a Circuit Court, either by the United States or by direction of any department of the govern-

ment, no bond, obligation, or security shall be required from the United States, or from any party acting under the direction aforesaid, either to prosecute said suit, or to answer in damages or costs. * * *"

It is contended by counsel for the plaintiff in execution that section 1001 only relates to bonds required on appeal. While the section is collocated with others dealing with appeals, its terms are broad enough to cover any process in law issuing from a Circuit [District] Court.

In United States v. Bryant et al., 111 U. S. 499, 4 Sup. Ct. 601, 28 L. Ed. 496, suit was brought by the United States under a statute of Alabama, providing for a proceeding in the nature of replevin for bringing suit for the recovery of personal chattels in specie and for the giving by the plaintiff of a bond for costs and damages, as a prerequisite to the issuance out of the court of an order for the seizure of the property. It was there held in an opinion by Mr. Justice Blatchford:

"As to the bond, it is provided by section 1001 of the Revised Statutes, that whenever any process issues from a Circuit Court, by the United States, no bond, obligation, or other security shall be required from the United States, either to prosecute the suit, or to answer in damages or costs. The adoption of the state practice 'as near as may be' does not have the effect to abrogate the provision of section 1001, so as to require the United States to give a bond for costs and damages, as a condition of obtaining the order of seizure, or to require them to give the bond provided in section 2943 of the Alabama Code. It has been held that the United States are relieved by section 1001 from giving the undertaking required from a plaintiff by section 782 of the Revised Statutes of the District of Columbia, on issuing an attachment. United States v. Ottman, 23 Int. Rev. Rec. 294."

In that case the "process" necessary to maintain the action brought by the United States was the order of seizure.

[2] If section 1001 applies to the present interpleader proceedings, it is because it comes within the provision of the section as to "process in law" issuing "from a Circuit Court" "by the United States." It becomes pertinent, therefore, to determine what is meant by "process." Judge Bradford, in United States v. Murphy (D. C.) 82 Fed. 893, discusses the subject as follows:

"The legal meaning of the word 'process' varies according to the context, subject-matter, and spirit of the statute in which it occurs. The process of the court, in its narrowest sense, means the writs and mandates of the court, under the seal thereof. In this sense it is used in sections 911 and 912 of the Revised Statutes [Comp. St. §§ 1534, 1535], in the former of which it is provided that 'all writs and processes issuing from the courts of the United States shall be under the seal of the court from which they issue, and shall be signed by the clerk thereof,' and, in the latter, that 'all process issued from the courts of the United States shall bear teste from the day of such issue.' In its largest sense, process is equivalent to procedure, including all the steps and proceedings in a cause from its commencement to its conclusion. In Wayman v. Southard, 10 Wheat. 1, 27 [6 L. Ed. 253], Chief Justice Marshall, in delivering the opinion of the court, spoke of the words 'modes of process,' as contained in section 2 of the act of Congress of September 29, 1789, as follows: 'To "the forms of writs and executions" the law adds the words "modes of process." These words must have been intended to comprehend something more than "the forms of writs and executions." We have not a right to consider them as mere tautology. They have a meaning and ought to be allowed an operation more extensive than the preceding words. The term is applicable to writs and executions, but it is also applicable to every step taken in a cause. It indicates the progressive course of the business from its

commencement to its termination; and "modes of process" may be considered as equivalent to modes or manner of proceeding.' "

Having under consideration section 602 of the Revised Statutes (Comp. St. § 989), Judge Bradford concluded that the term "process" was used in that section in neither its narrowest nor its broadest sense, and that—

"While not including the whole cause, there can be little or no doubt that it was intended to embrace, among other things, all the means provided by law for compelling one, arrested and held on a criminal charge, to appear in court, there to be judicially dealt with. The section does not in terms restrict 'process' to process of the court, and in the absence of such restriction it cannot be so limited by construction."

In section 1001, as applied to the present case, it is distinctly confined to the narrow sense of process in law issuing from a court by the United States, and therefore does not include all proceedings to which the United States is a party.

Statutory interpleader proceedings in Pennsylvania are intended for the protection of the sheriff where he has made a levy upon goods and chattels as the property of the defendant in the execution and a third party claims property in the goods and chattels seized and taken in execution. If the court makes the rule absolute, the claimant, it is required, shall give bond that he shall maintain his title, in order to have the goods and chattels delivered to him.

If "process" is taken in a sufficiently broad sense to include the order making the rule absolute in the present case, it is still not process issuing from the court "by the United States," but process issuing from the court by the marshal. The issue may be framed and the interpleader proceedings may be prosecuted by the United States without the giving of the bond. The act is in the alternative. While under its provisions the sheriff, upon the claimant entering bond, is required to deliver the goods and chattels to him, yet if the claimant fails to give bond, but files his statement of title within the time specified in the act, the court may direct a sale of the goods and chattels, and the proceeds may be paid into court to await the determination of the issue. The money in court is substituted for the goods and chattels. If a bond is given, it is as security "to answer in damages" if the claimant shall not maintain its title. If section 1001, therefore, applied to any process in a proceeding to which the United States is a party, the United States would not be required to give bond in the present case because it is an undertaking to answer in damages or costs. As section 1001, however, taking "process" in its broadest sense, applies only to process issued from the court by the United States, the present proceeding is held not to be within its terms, and the plaintiff's motion for an order on the marshal directing the sale of the goods and chattels levied upon will be granted in accordance with the provisions of the Pennsylvania Interpleader Act.