**BROWN, Administrator Office of Price Administration, v. BECKHAM, Clerk of United States District Court.**

**No. 586.**

District Court, W. D. Kentucky, Louisville Division.

June 14, 1943.

314

George J. Burke, Gen. Counsel, and Thomas I. Emerson, Associate Gen. Counsel, both of Washington, D. C., James C. Gruener, Regional Atty., and Robert H. Trenkamp, Regional Enforcement Atty., both of Cleveland, Ohio, Raymond C. Stephenson, Chief Atty., of Louisville, Ky., Fritz Krueger, Chief Enforcement Atty., of Mt. Vernon, Ky., and Homer B. Parrent, Enforcement Atty., of Louisville, Ky., for plaintiff.

Oldham Clarke, of Louisville, Ky., for defendant.

Allen P. Dodd, Selligman & Greenebaum, Irvin Marcus, and John K. Skaggs, Jr., all of Louisville, for intervening petitioners.

MILLER, District Judge.

This action was filed by the plaintiff, Prentiss M. Brown as Administrator Office of Price Administration, to require the defendant, William T. Beckham, as Clerk of the United States District Court for the Western District of Kentucky, to issue a general order of attachment against the defendants in a prior action brought by the same plaintiff (Action No. 584) without requiring the plaintiff in said prior action to execute an attachment bond. The matter is before the Court on defendant's motion to dismiss the complaint.

In the prior action referred to, No. 584 in the United States District Court for the Western District of Kentucky, the plaintiff as Administrator Office of Price Administration sued the Cummins Distilleries Corporation, its officers, directors and stockholders, totaling some fifty odd defendants for $6,798,101.57, being treble the amount by which the sale price of 51,694 barrels of Bourbon whiskey exceeded the maximum price established therefor by maximum price Regulation No. 193 in violation of the Emergency Price Control Act of 1942. The suit was filed pursuant to the provisions of Section 205(e) of the Act, 50 U.S.C.A.Appendix § 925(e). The complaint was verified and alleged facts authorizing the issuance of an attachment and garnishment under Section 194 of the Civil Code of Practice of Kentucky.

Section 198 of the Kentucky Civil Code of Practice provides "the order of attachment shall not be issued by the clerk, until a bond has been executed in his office by one or more sufficient sureties of the plaintiff to the effect that the plaintiff pay to the defendant all damages which he may sustain by reason of the attachment, if the order be wrongfully obtained, not exceeding double the amount of the plaintiff's claim." The District Court Clerk, proceeding under the provisions of Rule 64 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provide for the issuance of attachments in the manner provided by the law of the state in which the District Court is held, called on the plaintiff for the bond required by Section 198 of the Kentucky Civil Code in double the amount of the plaintiff's claim. The plaintiff contended that no bond was required of him as an officer or agency of the United States and declined to execute one. Upon the Clerk continuing to refuse to issue the attachment without the execution of a bond this action was brought to compel him to do so.

The question is controlled primarily by Rule 64 of the Federal Rules of Civil Procedure, which reads as follows: "Rule 64. Seizure of Person or Property. At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action."

The plaintiff admits that under the state practice a bond would properly be required of any plaintiff except the United States or an officer or agency thereof. He has

referred to no Kentucky statute or Kentucky decision giving him the exemption claimed, but relies upon 28 U.S.C.A. § 870 and that part of Rule 64 of the Federal Rules of Civil Procedure which provides that the state procedure is subject to any existing statute of the United States to the extent to which it is applicable. This position is apparently supported by the five following federal cases: United States v. Bryant, 1884, 111 U.S. 499, 4 S.Ct. 601, 28 L.Ed. 496; United States v. Ottman, 1879, 3 MacArthur 73, 23 Int.Rev.Rec. 294; United States v. Kinney, D.C.E.D.Pa. 1920, 264 F. 542; United States v. McIntosh, D.C.,E.D.Va. 1932, 57 F.2d 573; United States v. Pacific Forwarding Co., D.C.W.D.Wash. 1934, 8 F.Supp. 647.

Those decisions hold that although Section 870 of 28 U.S.C.A. apparently deals with damages and costs in matters on appeal, yet its terms are broad enough to cover any process in law issuing from a district court. The section specifically provides that in such matters "no bond, obligation or security shall be required from the United States, or from any party acting under the direction aforesaid, either to prosecute said suit, or to answer in damages or costs." Except for the developments of the last few years Section 870 of 28 U.S.C.A. and the decisions referred to would be considered as controlling and decisive in this case. It will be noticed, however, that all of the cases referred to were decided before the adoption of the new Federal Rules of Civil Procedure which became effective in September 1938. Rule 1 of the Federal Rules of Civil Procedure provides that they will govern the procedure in the district courts of the United States in all suits of a civil nature. Accordingly, I am of the opinion that the case is controlled by the Federal Rules of Civil Procedure and by subsequent legislative enactments rather than by Section 870, 28 U.S.C.A. relied upon by the plaintiff. It is therefore necessary to briefly analyze the specific rules which would seem to apply.

Rule 62 deals with the automatic stay of execution for ten days after the entry of a judgment, and for a stay on a motion for a new trial, on an injunction pending an appeal and on an appeal from a final judgment. Subsection (d) dealing with a stay upon appeal provides for the giving by the appellant of a supersedeas bond to be approved by the Court. Subsection (e) provides "when an appeal is taken by the United States or an officer or agency thereof or by direction of any department of the Government of the United States and the operation or enforcement of the judgment is stayed, no bond, obligation, or other security shall be required from the appellant." Rule 65 dealing with preliminary injunctions and temporary restraining orders provides in subsection (c) as follows: "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the United States or of an officer or agency thereof." It will be noticed that by both Rule 62 and Rule 65 the relief provided is given upon the execution of a bond, and in each instance it is then specifically provided that no such bond shall be required by the United States or any officer or agency thereof. Referring back to Rule 64 and dealing with attachments, it will be seen that it contains with reference to the execution of an attachment bond no such exemption in favor of the United States or an officer or agency thereof. The failure to so provide in the case of attachments was certainly not inadvertent, as the rules had careful consideration and wide discussion before being finally adopted. The contrast between Rules 62 and 65 on the one side and Rule 64 on the other is striking and should be given effect to.

The plaintiff seeks to avoid the effect of the foregoing rules by pointing out that Rule 64 specifically provides in the case of attachments that the state procedure is subject to any existing statute of the United States to the extent to which it is applicable, and that Section 870 of 28 U.S.C.A. was and is an existing statute which by its judicial construction would relieve the plaintiff of the execution of an attachment bond. This argument has some force, but seems to me to be answered by the following facts:

First. Section 870 of Title 28 would appear normally to deal only with appeals. It is included in those sections of Title 28 dealing with "Procedure on Error and Appeal", including Sections 861 through 879 of Title 28. Sections 868 and 869 immediately preceding it refer to

writs of error issued by the Supreme Court to inferior federal courts, while Section 871 immediately following it refers to writs of error from the Supreme Court to a state court. The broad construction given to the statute to the effect that it is not restricted to appeals but covers any process issuing from a district court originated in 1884 when the Supreme Court in United States v. Bryant, supra, ruled to that effect in a very brief statement without any discussion of the question involved, apparently relying largely upon an earlier ruling from the District Court of the District of Columbia in United States v. Ottman, supra. In the other three cases relied upon by the plaintiff the District Court Judges apparently considered themselves bound by the Supreme Court ruling in United States v. Bryant. It seems to have been the purpose of the committee drafting the new Federal Rules of Civil Procedure to rewrite Section 870, Title 28 as in the notes of the Advisory Committee to Rule 62 it is stated that Subsection (e) of Rule 62 states the substance of Section 870, 28 U.S.C.A. Accordingly, I believe that Section 870, Title 28, has been modified by Rule 62(e) of the Rules of Civil Procedure to the extent that it applies to appellate procedure only, thus eliminating the broad construction given to it many years ago without real consideration.

Second. Section 205 of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix § 925, authorizes the Price Administrator by Subsection (a) to institute injunction suits to enjoin a violation of the Act, and by Subsection (e) to bring a civil action for treble damages on behalf of the United States under certain conditions. Subsection (a) authorizing the injunction suit specifically provides for the issuance of a temporary injunction or restraining order without the execution of a bond by the Administrator. Subsection (e) referring to the civil action makes no reference to the Administrator having the usual provisional remedies, which include an attachment, without the execution of a bond. The contrast between injunction suits without a bond and attachment suits with a bond is again sharply brought out. If the broad construction given to Section 870 of 28 U.S.C.A. by the courts some fifty years ago was still the law it would have been unnecessary for Congress in enacting Section 205, Subsection (a) of the Emergency Price Control Act of 1942 to have provided that no bond would be required of the Administrator in cases of temporary injunctions. The implication to be drawn from the provisions of Section 205 of the Emergency Price Control Act of 1942 is that Congress did not have in mind any exemptions to the Administrator except such as are specifically provided for by Section 205 of the Act.

The practical situation existing in this case emphasizes the need for treating alike all plaintiffs seeking the provisional remedy of an attachment, whether they be individuals, corporations or Government agencies. An attachment before judgment is usually a speedy and effective proceeding, but is fully justified where the plaintiff has a valid cause of action. It is often severe in its effect upon the defendant and for this reason should be carefully used. Its use is not justified when the plaintiff has no case. It should be used only to protect a plaintiff in the collection of any judgment which he will ultimately obtain. It is for those reasons that state statutes require the execution by the plaintiff of an indemnifying bond to protect the defendant in the event of the attachment being improperly used. The damage to a defendant when an attachment is improperly used is just as great in the case of its improper use by a Government agency as it is in the case of its improper use by an individual or a private corporation. Insofar as the protection of the defendant is concerned, which is the fundamental purpose of requiring an attachment bond, it makes no difference who is the plaintiff. In the present case an attachment for approximately $7,000,000.00 would tie up and freeze every bank account of every defendant in the suit. Since no defendant would probably be able to execute a counter-bond in that amount to release the attachment, such assets would continue frozen for the duration of the suit. Many of the defendants are actively engaged in important businesses in Louisville, the nature of which requires the continuing existence of banking accounts and banking credit. It is claimed by many of these defendants, and it is probably the fact, that the issuance of the attachment would completely ruin their businesses. This is a fact which would ordinarily have no legal consideration, since the defendants would be protected by the plaintiff's bond if the attachment was improper. But in the present case it is a practical matter that has considerable weight in considering the problem presented. The defendants con-

tend that the action can not be successfully maintained against them in that the specific price regulation which they are charged with violating was not in effect until after the sales complained of were made. This issue may accordingly be one which would turn in favor of either the plaintiff or the defendants. Even if the defendants successfully maintain their position many of them would nevertheless be ruined by the improper use of the attachment without the recourse which the law attempts to provide for defendants in attachment suits generally.

I am of the opinion that the Clerk is justified in declining to issue the attachment without the execution of an indemnifying bond by the plaintiff as is required by Section 198 of the Civil Code of Kentucky. His motion to dismiss the complaint is accordingly sustained.