**BROWN, Adm'r of Price Administration, v.
BECKHAM, Clerk of District Court.**

No. 9577.

Circuit Court of Appeals, Sixth Circuit.

Aug. 31, 1943.

Fritz Krueger, of Mt. Vernon, Ky., (George J. Burke, David London, and A. M. Dreyer, all of Washington, D.C., James C. Gruener and Robert H. Trenkamp, both of Cleveland, Ohio, Raymond C. Stephenson, of Louisville, Ky., Fritz Krueger, of Mt. Vernon, Ky., and Homer B. Parrent, of Louisville, Ky., on the brief), for appellant.

Oldham Clarke, of Louisville, Ky., for appellee.

Allen P. Dodd and Joseph Selligman, both of Louisville, Ky. (John K. Skaggs, Jr., Allen P. Dodd, Irvin Marcus, Joseph Selligman, and S. L. Greenebaum, all of Louisville, Ky., on the brief), for interveners.

Before HICKS, ALLEN and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

Appellant Brown, Administrator, Office of Price Administration, brought an action on behalf of the United States in the United States District Court for the Western District of Kentucky under the provisions of Sec. 205(e), Title 50 U.S.C.A. Appendix § 925(e), of the Emergency Price Control Act of 1942, against the Cummins Distilleries Corporation, its officers, directors and stockholders, for $6,798,101.57, being treble the amount by which it was alleged that the sales price of 51,694 barrels of Bourbon whiskey exceeded the maximum price therefor established by maximum price Regulation 193. The complaint was later amended but in no particular material to the controversy here. It prayed for, and its verified allegations authorized and justified, the issuance of an attachment and garnishment upon the property of the defendants under Sec. 194 of the Civil Code of Practice of Kentucky. This proposition is uncontroverted and in normal cases it was the duty of the Clerk, under Sec. 196, to issue the writ. But this duty was not an absolute or unconditional one, for Sec. 198 of the Civil Code of Practice of Kentucky provided that "the order of attachment shall not be issued by the clerk, until a bond has been executed in his office by one or more sufficient sureties of the plaintiff to the effect that the plaintiff pay to the defendant all damages which he may sustain by reason of the attachment, if the order be wrongfully obtained, not exceeding double the amount of the plaintiff's claim."

The plaintiff refused to execute the bond required by Sec. 198 and for this reason and no other the Clerk declined to issue the writ. The Clerk's position was, that he was unauthorized to issue the writ except "under the circumstances and in the manner provided by the law of the state in which the district court is held * * *." Rule 64 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The plaintiff contended that he, as an officer or agent of the United States, was not required to execute the bond and he brought the action here under review to compel the Clerk to issue the order of attachment without bond. A number of the defendants in the original action intervened and joined in the Clerk's motion to dismiss the complaint. The District Court

sustained the motion to dismiss and the plaintiff having declined to plead further, the action was dismissed; hence this appeal.

The question is, whether appellant was entitled to the writ without the execution of bond. He was not entitled to it if Sec. 198 of the Civil Code of Practice of Kentucky is controlling. He was entitled to it if Sec. 870, Title 28 U.S.C.A. Judicial Code and Judiciary, is controlling.

We think that the decision turns upon the effect to be given to Rule 64 cited above. The initial clause of the first sentence of this Rule is as follows: "At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought * * *."

Attachment is one of the remedies specifically made available by the rule. If Rule 64 went no further than the quotation undoubtedly appellee's position would be sound, for Sec. 198 of the Civil Code of Practice of Kentucky in existence both at the time Rule 64 was adopted and at the time appellant's action was commenced, prohibited the issuance of the attachment until the prescribed bond had been executed in the Clerk's office. But the difficulty with this proposition is, that Rule 64 has its qualifications. The first one is,— "(1) any existing statute of the United States governs to the extent to which it is applicable; * * *." We think this undoubtedly means that if there is any existing applicable federal statute that modifies the manner provided by the state in making the remedy of attachment available, the Clerk of the District Court, whose duty it is to issue all process from that court, is bound thereby.

Was there any such existing applicable statute? Appellant points to Sec. 870, Title 28 U.S.C.A., Judicial Code and Judiciary. This section was in existence, both when the Rules of Civil Procedure were adopted, and when plaintiff's suit was brought. After eliding such portions of Sec. 870 as do not appear to be material to the question here, the Section will read as follows: "Whenever * * * process, in law * * * issues from * * * the Supreme Court, or a district court, either by the United States or by direction of any department of the Government * * * no bond, obligation, or security shall be required from the United States, or from any party acting under the direction aforesaid, either to prosecute said suit, or to answer in damages or costs."

The question whether an order of attachment is "process in law" is not debatable. It is specifically recognized as such by Sec. 196 et seq., of the Civil Code of Practice of Kentucky and is one of the remedies provided by the State of Kentucky for the purpose of securing satisfaction of a judgment ultimately to be entered and by virtue of Rule 64 is made available to the United States District Courts for the same purpose. When issued out of the United States District Court it must be signed by the Clerk as a ministerial duty. Title 28 U.S.C.A. § 721. Rule 64, supra, read in connection with Sec. 870, supra, makes no change in the law of practice and procedure in attachment prevailing in the state courts except to exempt the United States or any of its departments from the execution of bond as a prerequisite to the order of attachment. It is obvious that the purpose sought to be accomplished by the change was to make the law, in this particular, uniform in all jurisdictions. The desirability of uniformity in all cases where the rights of the United States are involved is obvious. In Clearfield Trust Co. v. United States, 318 U.S. 363, 63 S.Ct. 573, 575, 87 L.Ed. ——, decided by the Supreme Court March 1, 1943, it is said: "The application of state law * * * would subject the rights and duties of the United States to exceptional uncertainty. It would lead to great diversity in results by making identical transactions subject to the vagaries of the laws of the several states." To the same effect see City of Grand Rapids et al. v. McCurdy, 6 Cir., 136 F.2d 615, decided by us June 22, 1943; and United States v. Union Planters Nat. Bank & Trust Co., 6 Cir., 134 F.2d 1016.

The District Court thought that Sec. 870 was inapplicable because of its collocation in the Code with other sections dealing with appeals. True enough, the section is found under the heading "Procedure on Appeal," and this in turn is under "Part II,—the Judiciary" under Title 28 of the Code. This view of the District Court is contrary to prior holdings

upon the point. See United States v. Bryant, 111 U.S. 499, 4 S.Ct. 601, 28 L.Ed. 496; United States v. Kinney, D.C., 264 F. 542, 544. We need not review the evolutionary steps beginning with the Act of February 21, 1863, Ch. 50, 12 Stat. 657, by which Sec. 870 was brought into the Code. Suffice it to say that it is there and is the applicable law. Moreover, the title or heading of a statute is not a part of it and may not be considered in determining its meaning if the language is plain and unambiguous. Maguire v. Com'r, 313 U.S. 1, 9, 61 S.Ct. 789, 85 L.Ed. 1149; Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A. 1917F, 502, Ann.Cas. 1917B, 1168. We think that when carefully read there is no ambiguity in the language used in Sec. 870.

■ The Court was of opinion that to permit the order of attachment to issue without the execution of the bond required by Sec. 198 of the Civil Code of Practice of Kentucky would be a hardship upon appellees but it is not our function to speculate upon whether this would or would not be true. The question of hardship is for the Congress, acting within its constitutional limitations. Federal Land Bank, etc. v. Bismarck Co., 314 U.S. 95, 104, 62 S.Ct. 1, 86 L.Ed. 65; Federal Dep. Ins. Corp. v. Winton, 6 Cir., 131 F.2d 780, 782. We may here note that the suggested hardship upon the record before us is more conjectural than apparent. See also Civil Code of Practice of Kentucky (Sec. 214) with which Rule 64 does not in any way interfere, permitting the owner of attached property to recover possession thereof by the execution of bond. See also Sections 264 and 265 of the same Code, providing for an early trial of the attachment.

■ The interveners, defendants in the original action, raise the point that the District Court is without jurisdiction because appellant is without statutory authority to maintain a suit for mandamus against the Clerk. They insist that under Title 28 U.S.C.A. § 520, such an action may be maintained only by the Attorney General or the District Attorney. This contention is without merit. The District Court had ample power under Sec. 377, Title 28 U.S.C.A., before the adoption of Rule 81(b) abolishing the writ of mandamus, to issue the writ in aid of its jurisdiction over the original cause. See also Board of Liquidation v. McComb, 92 U.S. 531, 541, 23 L.Ed 623. While Rule 81(b) abolished

the writ of mandamus, it did not abolish the remedy still available to appellant through appropriate action of the court.

■ We think that the order of attachment should have been issued by the Clerk without the execution of bond by appellant and that upon his refusal he should have been required to do so by appropriate order.

The order of dismissal is reversed and set aside and the case remanded for further proceedings consistent with this opinion.