**Helen DEBRECENI, Fund Manager of the New England Teamsters and Trucking Industry Pension Fund, Plaintiff,**

**v.**

**ROUTE USA REAL ESTATE, INC., Route USA Equipment Maintenance, Inc., Route USA Resources, Inc., 550 Cochituate Limited Partnership, Llambda Limited Partnership, Alvin R. Holmes Fund, for Robert C. Holmes, Under the Will of Alvin R. Holmes, Robert C. Holmes, Kero Leasing Corporation, Defendants.**

**Civ. A. No. 89–2882–K.**

United States District Court,
D. Massachusetts.

April 19, 1990.

James T. Grady, Grady & Dwyer, Boston, Mass., for plaintiff.

Don M. Kennedy, Mary Scott Wagner, Goodwin, Procter & Hoar, Boston, Mass., for Llambda Ltd. Partnership and 550 Cochituate Ltd. Partnership.

David B. Ellis, Arthur G. Telgen, Michele A. Whitham, Foley, Hoag & Eliot, Boston, Mass., for Robert C. Holmes and Alvin R. Holmes.

Bernard A. Dwork, Barron & Stadfeld, P.C., Boston, Mass., Robert D. Gunderman, Jaeckle, Fleischmann & Mugel, Buffalo, N.Y., for Route USA Real Estate, Inc., Route USA Resources, Inc. and Kero Leasing Corp.

### MEMORANDUM AND ORDER

KEETON, District Judge.

Before the court is plaintiff's motion for default judgment against defendants Route USA Resources, Inc. ("Resources"), Route USA Real Estate, Inc. ("Real Estate"), and Kero Leasing Corporation ("Kero"). Plaintiff has also moved for approval of a real estate attachment and to amend her complaint.

## I.

■ Plaintiff's motion for default judgment states that the summons and complaint were served on Resources, Real Estate, and Kero on December 18 and 19, 1989. Plaintiff agreed to three extensions of time for response; the last was until February 9, 1990. As of February 2, 1990 they had filed no answer or other defense and plaintiff requested entry of default. The clerk issued notices of default on these defendants on February 26, 1990, pursuant to Fed.R.Civ.P. 55(a).

The defendants move, pursuant to Fed. R.Civ.P. 55(c), to set aside the entry of default. In support of this motion they state that service of the complaint was made on defendants' New York attorney at his home address. Another member of this attorney's firm obtained from plaintiff's counsel the extensions described above. Due to apparent failures of communication, the attorneys in New York believed that defendants had retained as local counsel for this matter a Boston law firm already representing them in other matters. Counsel in New York prepared the answer and sent it to the Boston firm in time to file it by February 9. New York counsel later sent copies of plaintiff's complaint, motion to amend, and motion to attach to the Boston firm. When New York counsel received plaintiff's request for entry of default on February 27, 1990, they telephoned the attorneys in Boston and learned that the Boston firm had declined to represent defendants in this matter. The New York attorneys then took steps to engage another Boston attorney as local counsel.

Rule 55(c) provides that a court may set aside an entry of default "for good cause shown." In this case inadvertent and unintentional problems of communication resulted in defendants' failure to file their answer by the time agreed upon, even though the answer had been timely prepared. There is no indication that plaintiff has been prejudiced by the delay. Nor is there any indication that defendants and their counsel have acted in bad faith. In these circumstances, and in light of the policy favoring resolution of disputes on the merits, I conclude that it is appropriate to set aside the entries of default and deny plaintiff's motion for default judgment.

## II.

■ Plaintiff has moved pursuant to Fed.R.Civ.P. 64 and Mass.R.Civ.P. 4.1 to attach certain real estate owned by the defendants to the value of $6,015,520. An order approving attachment may only be entered if the court finds that there is a reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the amount of the attachment. Mass.R.Civ.P. 4.1(c). In support of this motion plaintiff's attorney submits his own affidavit, which states:

> From an examination of the file in this matter, I have determined that there is a reasonable likelihood that the Plaintiff will recover a judgment for the relief sought in the Amended Complaint. The following paragraphs set forth the specific facts upon which this statement is based.

Grady Aff. at 2. The facts set forth in the succeeding paragraphs are simply that plaintiff sent defendant Robert Holmes a notice and demand for payment of withdrawal liability, which included a schedule of payments, that Holmes has made no payments, that plaintiff sent Holmes a notice of default, and that he has not cured this default.

I note first that the submission of an affidavit by a party's attorney raises serious concerns. *See United States v. La-Rouche Campaign,* 682 F.Supp. 610, 615–17 (D.Mass.1987). Even apart from these concerns, however, the statements in this affidavit fall far short of establishing that plaintiff has a reasonable likelihood of success. This affidavit states no more than plaintiff's attorney's opinion of what the outcome of the case against one defendant will be.

Rule 4.1(c) also requires a hearing before approval of attachment. A hearing will therefore be scheduled for consideration of this motion, at which time plaintiff should be prepared to offer evidence, by affidavit or otherwise, and argument in support of

her contention that the claims against the defendants whose property she seeks to attach are reasonably likely to succeed.

### III.

Plaintiff has moved to amend her complaint to add another count for a claim not yet ripe at the time the action was filed, but relating to the transactions and occurrences on which this action is based. Defendants have not opposed this motion, and in light of the provision of Fed.R.Civ.P. 15(a) that leave to amend shall be freely given, I conclude that it is appropriate to allow this motion.