INTERNATIONAL ASSOCIATION OF
BRIDGE, STRUCTURAL AND ORNA-
MENTAL IRON WORKERS, SHOP-
MEN'S LOCAL UNION 501, Plaintiffs,

v.

BURTMAN IRON WORKS,
INC., Defendants.

Civil A. No. 95–11571–JLT.

United States District Court,
D. Massachusetts.

Nov. 13, 1995.

Alan H. Shapiro, Sandulli, Grace, Shapiro & Horwitz, Boston, MA, for plaintiff.

Harold N. Mack, Morgan, Brown & Joy, Philip A. Tracy, Jr., Paul Prew, DiMento & Sullivan, Boston, MA, for defendants.

### ORDER ON DEFENDANT'S MOTION FOR DISSOLUTION OF ATTACHMENT (# 13)

ALEXANDER, United States Magistrate Judge.

On September 26, 1995, this Court allowed plaintiff's motion for ex parte attachment of all rights, title and interest of the defendant in the amount of $76,000. Defendant now moves to have that attachment dissolved.

■■■ Pursuant to Fed.R.Civ.P. 64 [1] and Mass.R.Civ.P. 4.1 [2], a court may enter an order approving an attachment if it finds there is a reasonable likelihood that the plaintiff will recover a judgment in an amount equal to or greater than the amount of the attachment. *Debreceni v. Route USA Real Estate, Inc.*, 773 F.Supp. 498, 499 (D.Mass.1990). " '[T]he central question on the motion for approval of attachment is whether plaintiffs are likely to prevail on the merits and obtain damages in the necessary amount.' " *Aetna Casualty & Surety Co. v. Rodco Autobody*, 138 F.R.D. 328, 332 (D.Mass.1991) (quoting *Anderson Foreign Motors Inc. v. New England Toyota Distrib., Inc.*, 475 F.Supp. 973, 978 (D.Mass.1979)). "A showing of reasonable likelihood of success on the merits is a prerequisite for court approval of an attachment." *Aetna Casualty*, 138 F.R.D. at 332 (citations omitted).

Mass.R.Civ.P. 4.1(g) and 4.2(h) outline the procedure to be followed with respect to the dissolution of an ex parte attachment. Initially, the burden lies with the defendant to introduce sufficient evidence by testimony or affidavit to challenge any finding upon which the ex parte attachment rested. *Id.* Then the burden shifts back to the plaintiff to justify the attachment as if the attachment had not previously been granted ex parte. *Id.*

In the instant case, the plaintiff has filed this complaint to confirm an arbitration award issued in favor of employee Paul Andrews for three years' worth of back wages and unpaid pension benefits in the amount of $76,000. The defendant's answer and counterclaim challenges the arbitrability of the case and seeks to have judgment entered in favor of the defendant.[3] The plaintiff filed a motion to dismiss the counterclaim and this Court allowed plaintiff's motion for ex parte attachment.

■■ In order to dissolve the attachment the defendant initially has the burden of presenting testimony or affidavits that challenge the grounds for the attachment. Defendant offered the affidavit of Harold N. Mack, an attorney for the defendant, which purports to "display[ ] the legally sufficient position which demonstrates that it is rather unlikely that plaintiff will prevail." (Defendant's Memorandum In Support Of Dissolution Of Attachment, at 2.) This affidavit falls short of fulfilling defendant's burden. "[T]he submission of an affidavit by a party's attorney raises serious concerns.... [It] states

---

1. In relevant part, Fed.R.Civ.P. 64 reads:
   At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought ...

2. Mass.R.Civ.P. 4.1(f) provides in relevant part:
   An order approving attachment of property for a specific amount may be entered ex parte upon findings by the court that there is a reasonable likelihood that the plaintiff will recover judgment in an amount equal to or greater than the

amount of the attachment over and above any liability insurance known or reasonably believed to be available, and that either ... (ii) there is a clear danger that the defendant if notified in advance of attachment of the property will convey it, remove it from the state or will conceal it, or (iii) there is immediate danger that the defendant will damage or destroy the property to be attached.

3. On March 15, 1994, the Massachusetts Superior Court (DelVechio, J.) ordered the underlying grievance to arbitration. The defendant again raised the issue of arbitrability before the arbitrator. After review, the arbitrator also concluded that the case was arbitrable.

no more than [the] attorney's opinion of what the outcome of the case against one defendant will be." *Debreceni,* 773 F.Supp. at 499 (citing *United States v. LaRouche Campaign,* 682 F.Supp. 610, 615–17 (D.Mass. 1987)).

 Even assuming, arguendo, that defendant had met its initial burden, plaintiff is still able to justify the attachment by demonstrating a reasonable likelihood of success. There are two grounds on which plaintiff has made that showing. First, the issue of arbitrability is likely barred by res judicata and collateral estoppel. The issue of arbitrability has already been litigated in the state court as well as before the arbitrator and in both instances the grievance was in fact determined to be arbitrable. "Federal courts must 'give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.'" *Mandich v. Watters,* 970 F.2d 462, 465 (8th Cir.1992) (quoting *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982)).

Second, there is a reasonable likelihood that plaintiff will prevail on its motion to dismiss defendant's counterclaim. Plaintiff alleges that defendant's motion challenging the arbitration award was not timely. Massachusetts has a thirty-day window for filing objections to arbitration awards. Mass.Gen.L. ch. 150C, § 11(b); *International Assoc. of Heat & Frost Insulators & Asbestos Workers v. Thermo–Guard Corp.,* 880 F.Supp. 42, 48 (D.Mass.1995). The arbitration award was delivered on June 21, 1995. On July 21, 1995, after plaintiff filed an action in Massachusetts Superior Court to have the award confirmed, defendant removed the case to federal court. Then, more than thirty days after the issuance of the award, on July 28, 1995, defendant filed its Answer and Cross Complaint.[4]

Mass.R.Civ.P. 4.1 and 4.2 are silent as to the quantum of proof required to obtain court approval of an attachment, but clearly

a reasonable likelihood of success is not a certainty of success. Here, there is a sufficient demonstration of likelihood of plaintiff's success on the merits to preserve the attachment.

 Further, prior to approving an attachment, the court must find "the plaintiff's reasonable likelihood of recovering a judgment equal to or greater than the amount of the attachment sought over and above 'any liability insurance shown by the defendant to be available to satisfy the judgment.'" *Aetna Casualty,* 138 F.R.D. at 340 (quoting Mass.R.Civ.P. 4.1(c)). There has been no evidence presented of any liability insurance in this case. The affidavit of Philip E. Goodman, treasurer of Burtman Ironworks, Inc., states that the company is large and well-established and that it is prepared to "meet all of its fiscal obligations." However, that is not the relevant inquiry.

Concomitant with the above, this Court hereby DENIES defendant's motion to dissolve the ex parte attachment.

---

4. Defendant entitled the motion a "Cross Complaint." It is in fact, and has been referred to   throughout as, defendant's counterclaim.