The **GREENBRIAR COMPANIES, INC.,** and **Greenbriar Management Services,** Plaintiffs,

v.

**SPRINGFIELD TERMINAL RAILWAY, Guilford Rail System, Guilford Motor Express, Inc.,** and **Boston & Maine Corporation,** Defendants.

**Civil Action No. 06–10207–NMG.**

United States District Court, D. Massachusetts.

Feb. 9, 2007.

Dan Vernon Bair, II, Lisa Brodeur–McGan, Attorneys at Law, Brodeur–McGan, Springfield, MA, for Plaintiffs.

Robert B. Culliford, Alexandra B. Schmit, Guilford Transportation Industries, Inc., Portsmouth, NH, for Defendants.

**MEMORANDUM & ORDER**

GORTON, District Judge.

The plaintiffs have filed a motion for real estate attachment which is opposed by the defendants. The motion is resolved as follows.

**I. Factual Background**

The Greenbrier Companies, Inc. and Greenbrier Management Services (collectively "Greenbrier" or "the plaintiffs") bring this suit against Springfield Terminal Railway Company ("Springfield Terminal"), Guilford Rail System, Guilford Motor Express, Inc. ("Guilford Motor") and Boston & Maine Corporation ("BMC") (collectively, "the defendants") under a provision of the Interstate Commerce Act, as amended at 49 U.S.C. § 11704, for failure to pay so-called "car hire" fees.

The plaintiffs are rail carriers that own rail freight cars, which move throughout the United States. According to the complaint, the defendants are also rail carriers comprising the Guilford Rail System located in Billerica, Massachusetts.

The plaintiffs allege that the defendants and Greenbrier were parties to Circular No. OT–10, Car Service and Car Hire Agreement ("the Agreement"). The Agreement provides for the defendants' use of Greenbrier's rail cars in accordance with the rules promulgated by the Association of American Railroads. Under the Agreement, the defendants must keep an accounting of their use of Greenbrier's rail cars and remit monthly payments for such use. This ancient system of "car hire" requires users of rail equipment to self-report their use of rail cars and creates a contract for each use.

The sole count of the plaintiffs' complaint alleges that the defendants are liable under 49 U.S.C. § 11704 for breaching the Agreement. That statute provides that a party may file a civil action against a rail carrier in federal court. Because the defendant is a rail carrier, the action is governed by the procedural requirements of the Interstate Commerce Act rather than state contract law.

According to the complaint, prior to June 8, 2004, the defendants owed Greenbrier approximately $443,592 based on the defendants' own self-reporting of car use. On June 8, 2004, the defendants allegedly agreed to pay Greenbrier the outstanding amount in $60,000 monthly installments until all debts were paid (the "June 2004 Agreement"). In consideration for those payments, Greenbrier agreed not to file

suit to recover the debt. In their answers, the defendants dispute the existence of the June 2004 Agreement. Furthermore, the defendants assert they have paid Greenbrier approximately $687,285 since July 8, 2004.

### A. Motion for Approval of Real Estate Attachment

On August 1, 2006, the plaintiffs filed a motion for real estate attachment to secure a judgment pursuant to Fed.R.Civ.P. 64 and Mass. R. Civ. P. 4.1. According to the plaintiffs, the defendants have failed to pay their debts in accordance with the Agreement and the plaintiffs therefore seek to attach real property owned by Springfield Terminal at Montgomery Street in Chicopee, Massachusetts. The defendants allegedly owe the plaintiffs $410,135 and, under M.G.L. c. 231, § 6C, also owe a statutorily-imposed interest payment of $31,518. With the addition of approximately $13,000 in legal fees and $265 in costs, the plaintiffs seek an attachment in the amount of $455,247.

In opposition, the defendants contend that attachment is not a proper procedure because it is preempted by federal law. Rule 64 of the Federal Rules of Civil Procedure provides that a motion for attachment is governed by the law of the state in which the district court is held. Therefore, a motion for attachment in this District is brought pursuant to Mass. R. Civ. P. 4.1. The defendants assert, however, that attachment is a state-law remedy that is preempted by the federal Interstate Commerce Act.

## II. *Legal Analysis*

### A. Preemption

Rule 64 of the Federal Rules of Civil Procedure provides that:

> At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and *in the manner provided by the law of the state in which the district court is held,* existing at the time the remedy is sought, subject to the following qualifications: (1) *any existing statute of the United States governs to the extent to which it is applicable . . .* (emphasis added).

Pursuant to Rule 64, a motion for attachment is governed by Massachusetts law, specifically Mass. R. Civ. P. 4.1. The defendants, however, contend that the instant motion falls into the exception provided by subsection (1) because a "statute of the United States" governs the underlying action.

By virtue of the fact that the defendants are rail carriers, the underlying action arises under the Interstate Commerce Act rather than under state contract law. The Interstate Commerce Act provides a host of regulatory and procedural requirements. An amendment to the Act also states that:

> Except as otherwise provided in this part, the remedies provided under this part with respect to the regulation of rail transportation *are exclusive* and *preempt the remedies provided under* Federal or *State law.* (emphasis added).

49 U.S.C. § 10501(b). The Interstate Commerce Act contains no provision relating to pre-judgment attachment of property. According to the defendants, because 1) state law is explicitly preempted by the express language of § 10501(b) for cases involving the regulation of rail transportation and 2) attachment is a state-law remedy, a real estate attachment is impermissible in the instant case.

No other federal court appears to have addressed the precise issue of whether state law governing pre-judgment attachment is preempted by the language of the Interstate Commerce Act. The defendants' argument, however, is undermined by the fact that attachment is not merely a creature of state law but is specifically provided for by Fed.R.Civ.P. 64. Rule 64 explicitly makes attachment available as a remedy "during the course of an action" with the caveat that such an attachment is available only "in the manner provided by the law of the state" in which the district court is held. Federal law, therefore, provides for pre-judgment real estate attachment, albeit that Fed.R.Civ.P. 64 leaves the details of how such an attachment should be executed to individual states.

The Supreme Court of the United States has held that in all cases in federal court, whether or not removed from state court, state law is incorporated to determine the availability of remedies such as attachment. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70,* 415 U.S. 423, 436 n. 10, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). Subsection (1) of Rule 64, which provides that state procedures for attachment are subject to "any existing statute of the United States", has been interpreted to mean that if there is any applicable federal statute that specifically modifies the manner provided by the state in making the remedy of attachment available, then the federal statute trumps the state procedure. *Brown v. Beckham,* 137 F.2d 644 (6th Cir. 1943). Certain federal statutes, such as the Soldier's and Sailor's Act, 28 U.S.C. §§ 1609–1611 (foreign sovereign immunity from attachment) and 28 U.S.C. § 2405 (garnishment by United States), directly modify the procedure for attachment orders. *See* Wright et al., *Federal Practice & Procedure,* 11A FPP § 2933.

■ The Interstate Commerce Act is not one of those statutes. Although the Act provides that the remedies provided therein are "exclusive" and "preempt the remedies provided under Federal or State law", 49 U.S.C. § 10501(b), there is no portion of the Act specifically modifying the process for attachment and therefore no direct conflict with the Massachusetts rule governing attachment orders, Mass. R. Civ. P. 4.1. This Court, therefore, may issue an order of attachment in accordance with the Massachusetts rule.

### B. Attachment

■ Because pre-judgment attachment under Fed.R.Civ.P. 64 and Mass. R. Civ. P. 4.1 is not preempted by the Interstate Commerce Act, the next step in the inquiry is to determine whether the plaintiff has met the burden of showing that an attachment is appropriate as a matter of Massachusetts law. In order to obtain an attachment order, a plaintiff must demonstrate 1) a reasonable likelihood of success on the merits and 2) a reasonable likelihood of recovering a judgment equal to or greater than the amount of the attachment sought that is 3) over and above any liability insurance shown by the defendant to be available to satisfy the judgment. *Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers v. Burtman Iron Works, Inc.,* 164 F.R.D. 305, 306–07 (D.Mass. 1995).

### 1. Likelihood of Success on the Merits

■ The plaintiffs have attached an affidavit to their motion for attachment outlining their case. They have established, and the defendants do not oppose, the basic elements of an action for breach of contract. The plaintiffs, therefore, have demonstrated a reasonable likelihood of success on the merits.

318

### 2. Equal to or Greater Than Amount

The plaintiffs have itemized in their motion and affidavit the amounts owed to them. The defendants do not challenge that amount. Instead, in their opposition, the defendants state that an order of attachment is unnecessary because the defendants have other assets sufficient to cover any judgment. That argument is irrelevant to this analysis.

### 3. Over and Above Insurance

The burden is on the defendants to prove the availability of liability insurance to satisfy the judgment. Mass. R. Civ. P. 4.1(c) provides that:

> ... the order of approval [of attachment] may be entered only ... upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance *shown by the defendant* to be available to satisfy the judgment. (emphasis added).

See *Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers*, 164 F.R.D. at 306–07. The defendants do not contend that any such liability insurance exists. There is no excuse not to grant the motion for attachment on the grounds of liability insurance.

### ORDER

In accordance with the foregoing, plaintiffs' motion for approval of real estate attachment (Docket No. 18) is **ALLOWED**.

**So ordered.**