NOTICE: All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports. If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-1443                                    Appeals Court

DAVID CERUOLO vs. MARTHA GARCIA & another.[1]

No. 16-P-1443.

Essex.     June 5, 2017. - September 7, 2017.

Present:  Sullivan, Henry, & Shin, JJ.

Practice, Civil, Default, Motion to dismiss. "Anti-SLAPP"
    Statute.

Civil action commenced in the Superior Court Department on
September 16, 2014.

A special motion to dismiss was heard by Robert A.
Cornetta, J., sitting by designation, and a motion to vacate
default was considered by him.

Kevin C. Cain for the defendants.
Donald J. Hubbard for the plaintiff.

SULLIVAN, J.  The plaintiff, David Ceruolo (David) sued his

ex-wife Lyllian Ceruolo (Lyllian),[2] and her mother, Martha Garcia

(Garcia) for defamation and negligent and intentional infliction

---

[1] Lyllian Ceruolo.

[2] Because these parties share the same last name, we refer
to them by their first names.

of emotional distress following the conclusion of a contentious divorce. The defendants were defaulted in the civil action, and moved unsuccessfully to remove the default. Lyllian and Garcia appeal from the entry of a final judgment after a hearing on assessment of damages, contending that the default should have been vacated. David cross-appealed regarding damages. We reverse the judgment and remand the case for further proceedings.

Background. During a contentious divorce action, Lyllian and her mother made serious allegations regarding David's conduct. A Probate and Family Court judge found the allegations unproven and untrue.

Following the entry of final judgment in the divorce case, David filed this suit against Lyllian and Garcia. The defendants, represented by counsel, filed a notice of appearance and a notice of intent to file a special motion to dismiss pursuant to G. L. c. 231, § 59H, the "anti-SLAPP" statute. Thereafter, various procedural anomalies occurred. Because the timing of subsequent events is of importance here, we set out the timeline in some detail.

On November 25, 2014,[3] Lyllian and Garcia timely filed the special motion to dismiss. The judge considered both the

---

[3] All dates refer to the docket in the Superior Court unless otherwise noted.

pleadings and the affidavit on file, as required by the statute. See G. L. c. 231, § 59H ("the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based"). The pleadings focused on conduct leading up to and during the divorce. The affidavit of damages filed by David made additional allegations not found in the complaint, including a general statement that there was an ongoing course of defamatory conduct after the entry of the decree. On February 6, 2015, the judge allowed the motion as to those statements that occurred "during" the divorce action and up to the date of the decree, November 22, 2013. The motion was denied to the extent that David could make a showing that "the conduct complained of does not fall under petitioning activity protected under the statute." Thus, the judge left for another day what conduct fell outside the scope of the anti-SLAPP statute.

Six days later, on February 12, 2015, the defendants served a motion for more definite statement pursuant to Mass.R.Civ.P. 12(e), 365 Mass. 754 (1974), in accordance with Superior Court Rule 9A (rule 9A). David timely served his opposition on February 24, 2015. A reply brief and opposition to the filing of the reply brief were exchanged, and the package was complete

on or about March 8, 2015.[4] For reasons not apparent on the record, the defendants did not file the package within the ten-day time period set forth in rule 9A(b)(2). On March 24, 2015, David served a request for default pursuant to Mass.R.Civ.P. 55(a), 365 Mass. 822 (1974), which was docketed on March 25 and allowed by the clerk the following day. The entry of default was sent to David but not to the defendants.[5]

Lyllian and Garcia, unaware that the default had entered, but having been served with the rule 55(a) request, filed their motion for a more definite statement (omitting the contested reply brief), pursuant to Mass.R.Civ.P. 12(e), on March 27, 2015. That motion was denied on April 3, 2015, "in light of" the earlier ruling on the anti-SLAPP motion. This ruling, perhaps unintentionally, left unanswered how David was to make the required showing that the complained of conduct "did not fall under petitioning activity."

The denial of the defendants' motion for a more definite statement likewise was not received by defendants' counsel. David then filed a motion for assessment of damages and a motion

---

[4] The plaintiff's reply was served on March 5, 2015.

[5] Despite the fact that counsel had entered an appearance for the defendants, and had received a copy of the earlier order on the anti-SLAPP motion, counsel's name was not entered correctly on the docket. The docket reflects that the clerk's office mailed the default order to David but not to defense counsel. Defense counsel avers that she did not receive it.

for default judgment on April 21, 2015, which was served on defense counsel. Notably, although the motion was served on the defendants, it did not contain a representation that default had entered.[6]

On November 25, 2015, defense counsel called the clerk's office to inquire about the status of the motion for a more definite statement. The attorney learned that default had entered on March 26, that the defendants' motion for a more definite statement had been decided on April 3 and that notice of the orders had not been sent to counsel. Counsel was not correctly listed on the docket as counsel of record. The entry for counsel was adjusted.

On December 9, 2015, Lyllian and Garcia filed a motion to vacate the default, verifying the facts outlined above by affidavit. The same motion judge denied the motion "based upon finding of no excusable neglect." Lyllian and Garcia filed a motion for reconsideration of the denial of the motion to vacate the default, and a supplemental motion, but both were denied by a second judge for the same reason.

---

[6] There is a margin endorsement, entered on the motion for assessment of damages after it was filed, setting a July 17, 2015, hearing date for assessment of damages, but there is no indication on the docket that notice of that hearing was given, or that a hearing was held until after the defendant moved to vacate the default in December of 2015.

A hearing on assessment of damages was held before the second judge. Judgment entered in the amount of $100,000 plus $21,483.70 in prejudgment interest pursuant to Mass.R.Civ.P. 55(b)(2), as amended by 463 Mass. 1401 (2012). This appeal followed.

Discussion. 1. Motion to vacate default. We review the denial of a motion for removal of default pursuant to rule 55(c), 365 Mass. 822 (1974), for an abuse of discretion. See Burger Chef Sys., Inc. v. Servfast of Brockton, Inc., 393 Mass. 287, 289 (1984). "An abuse of discretion occurs when the judge's decision rests upon a clear error of judgment in weighing the factors relevant to the decision . . . such that [it] falls outside the range of reasonable alternatives, or when the judge's decision constitutes a significant error of law." Chambers v. RDI Logistics, Inc., 476 Mass. 95, 110 (2016) (quotations and citations omitted).

Here there was a significant error of law. The standard applicable to a rule 55(c) motion to remove the entry of default is "good cause," not the "excusable neglect" standard applied here.[7] See Mass.R.Civ.P. 55(c) ("For good cause shown the court

_____

[7] The excusable neglect standard applies to motions to vacate a default judgment under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). Even under rule 60(b), however, a "liberal . . . application" is warranted where, as here, "the mischief leading to the judgment occurs at the pretrial stage." Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 429 (1979).

may set aside an entry of default"). The excusable neglect standard is applied after judgment has entered. The "good cause" standard is applicable when default, but not judgment, has entered. This is a less stringent standard than excusable neglect under Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974). See Broome v. Broome, 40 Mass. App. Ct. 148, 152 (1996). We look to the Federal counterpart to rule 55(a) for guidance. See Burger Chef, supra at 289 n.3.

The grounds for relief from default in Massachusetts are substantially similar to those recognized in the Federal system. Reporter's Notes to Rule 55, Massachusetts Rules of Court, Rules of Civil Procedure, at 84 (Thompson Reuters 2017). An adequate basis for allowing the motion "must be shown," but "any doubt should be resolved in favor of setting aside defaults so that cases may be decided on their merits." Ibid.

> "Allowing an entry of default to be set aside on a showing of reasonable justification is in keeping both with the philosophy that actions should ordinarily be resolved on their merits, [United States v. One Parcel of Real Property, 763 F.2d 181, 183 (5th Cir. 1985)]; [Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)]; American & Foreign Ins. Assn. v. Commercial Ins. Co., 575 F.2d 980, 982 (1st Cir. 1978); [United States v. 147 Division St., Located in Woonsocket, R.I., 682 F. Supp. 694, 697 (D.R.I. 1988)], and with the command of the [c]ivil [r]ules themselves. See Fed.R.Civ.P. 1 (rules "shall be construed to secure the just . . . determination of every action"). These policy considerations, we suggest, are at their zenith in the [r]ule 55(c) milieu. Early in the case, as when a default has been entered but no judgment proven, a liberal approach is least likely to cause unfair prejudice to the nonmovant or to discommode the court's calendar. Cf. Phillips [v.

Weiner, 103 F.R.D. 177, 179 (D. Me. 1984)] (liberality justified under [r]ule 55(c) because entry of default a clerical act and not a final judgment). In these circumstances, a [trial] court should resolve doubts in favor of a party seeking relief from the entry of a default. Gross v. Stereo Component Systems, 700 F.2d 120, 122 (3d Cir. 1983); 147 Division St., 682 F. Supp. at 697."

Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989). "There is no mechanical formula for determining whether good cause exists and courts may consider a host of relevant factors." Indigo America, Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010). "The three typically considered are (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; and (3) whether a meritorious defense is presented." Ibid. "[C]ourts may [also] consider other relevant factors, including '(4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; [and] (7) the timing of the motion [to set aside the entry of default].'" Id., quoting KPS & Assocs. v. Designs by FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003). See also 10A Wright, Miller, & Kane, Federal Practice and Procedure §§ 2694-2695 (2016).

This is not a case of willfulness or gross neglect. Counsel for the defendants filed an appearance, litigated an anti-SLAPP motion, and timely served a motion for a more definite statement under rule 12(e) upon receipt of the ruling on the anti-SLAPP motion. At the time the motion for entry of

default was filed, defendant's counsel was one week late in filing the rule 9A package for the rule 12(e) motion, but it cannot be said that this rose to the level of gross neglect or willful noncompliance, rather than a mistake by counsel. See Debreceni v. Route USA Real Estate, Inc., 773 F. Supp. 498, 499 (D. Mass. 1990). The failure to respond promptly to the motion for entry of default is explained by the service and filing of the rule 12(e) motion, which in the ordinary course would have tolled the time period in which to answer.[8] Thus, counsel was under the "honest, but mistaken impression" that no answer was required. Kennerly v. Aro, Inc., 447 F. Supp. 1083, 1088-1089 (E.D. Tenn. 1977).

This mistaken impression was occasioned by the failure to notify defense counsel of either the entry of default or the denial of the motion for more definite statement. Although defense counsel could have been more diligent in checking the docket, the failure of notice favors setting aside the default. Essroc Cement Corp. v. CTI/D.C. Inc., 740 F. Supp. 2d 131, 137 (D.D.C. 2010). Finally, the defendants filed affidavits in support of their motion to vacate in which they proffered a

---

[8] A rule 12(e) motion would have tolled the time in which to answer for so long as it was pending. See Mass.R.Civ.P. 12(a)(2), 365 Mass. 754 (1974); Mass.R.Civ.P. 12(e) ("If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading").

substantial defense -- i.e., that they have not made any remarks since the divorce proceedings that could be considered defamatory or injurious.

David is not prejudiced in these circumstances, because wholly apart from the default, the judgment and the entry of judgment must be set aside for independent reasons.  While the first motion judge properly considered matters outside the pleadings on the anti-SLAPP motion, the motion for more definite statement was denied, and the allegations contained in the plaintiff's affidavit were never incorporated into an amended complaint.

This matters in the context of rule 55 proceedings.  The complaint consists almost exclusively of allegations concerning what happened during the divorce proceeding -- allegations barred from further consideration by the first motion judge's ruling on the anti-SLAPP motion.  Notably absent from the complaint are any factual allegations concerning what the defendants did after the divorce proceedings.[9]

For purposes of an assessment of damages pursuant to Mass.R.Civ.P. 55(b), it is "the factual allegations of a complaint [that] are accepted as true for purposes of

_____

[9] Separate and apart from the issue of default, in order to meet the conditions of the first motion judge's order on the special motion to dismiss, additional allegations also were necessary to show what the defendants were alleged to have done that fell outside of the protection of the anti-SLAPP statute.

establishing liability." Marshall v. Stratus Pharmaceuticals, Inc., 51 Mass. App. Ct. 667, 670-671 (2001). Matters outside the complaint, such as the affidavit here, may not be considered as to liability because they have not been deemed admitted. Further, "[w]hen . . . a defendant is defaulted, well-pleaded facts are deemed to be admitted, but a plaintiff may recover only to the extent the complaint states a claim for relief." Jones v. Boykan, 464 Mass. 285, 295 (2013), quoting from Nancy P. v. D'Amato, 401 Mass. 516, 519 (1988). The sole allegations in the complaint that might arguably address conduct after the divorce decree are found in two places, paragraph 8, count I and paragraph 11, count II of the of the complaint. The first states that "Garcia repeatedly and deliberately uttered false allegations and accusations against Ceruolo to third parties." The second is an identical allegation against Lyllian. There is no time frame regarding either allegation.

These allegations fail to meet the notice pleading requirements of Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), because they fail to state what the defendants are alleged to have done or said after the divorce.[10] Even if deemed

---

[10] Once the default entered, there was no longer any opportunity for David to make the showing contemplated in the original order that the "conduct complained of [did] not fall under petitioning activity protected under the statute." The complaint became the operative document. At the assessment of damages hearing, the second judge limited the evidence to post-

admitted, the allegations do not state a claim for defamation or intentional or negligent infliction of emotional distress against either defendant based on conduct occurring after the entry of the divorce decree.  See Flagg v. AliMed, Inc., 466 Mass. 23, 37-38 (2013) (defamation); Polay v. McMahon, 468 Mass. 379, 388 (2014) (intentional infliction of emotional distress); Conley v. Romeri, 60 Mass. App. Ct. 799, 801 (2004) (negligent infliction of emotional distress).  The complaint did not state "a legally valid claim on which relief can be granted," and the defendant was not entitled to relief based on the complaint as drafted.  For this reason, the plaintiff will not be prejudiced by vacating the entry of default, because the judgment must be vacated regardless.

2. The anti-SLAPP ruling.  Both parties appeal from the judge's ruling on the anti-SLAPP motion.  The plaintiff claims that he should have been permitted to introduce evidence at the assessment of damages hearing of the defendants' conduct before the divorce was initiated, as well as after.  However, in the trial court the plaintiff took the position when opposing the special motion to dismiss that false statements were made to

---

divorce damages.  However, the lack of clarity as to the basis of the liability also infected the damages award.  David testified to his losses, but there was no evidence that the losses were sustained as a result of conduct occurring after the decree (as opposed to the ongoing effects of conduct undertaken during the divorce proceeding) that fell outside the protection of the anti-SLAPP statute.

third parties <u>after</u> the divorce trial.[11]  For their part, the defendants claim that the judge created the post-divorce theory of liability out of whole cloth.

For the reasons stated above, the judge properly considered the affidavits in ruling on the motion.  However, the failure to require an amended pleading not only hampered the ability of the defendants to defend the case, but also renders appellate review of the sufficiency of the allegations impossible.  For this reason, we leave for remand the question of the scope of the amended complaint, the relationship between any amended complaint and the anti-SLAPP statute, and consideration of the application of <u>Blanchard</u> v. <u>Carney Hospital, Inc</u>., 477 Mass. 141, 153-156 (2017), to this case.  See <u>Dever</u> v. <u>Ward</u>,   Mass. App. Ct.   (2017) (applying <u>Blanchard</u> retroactively to cases pending on appeal).

<u>Conclusion</u>.  The judgment is vacated, and the matter is remanded for further proceedings consistent with this opinion.

<u>So ordered</u>.

---

[11] On appeal, the plaintiff does not fault the portion of the judge's ruling that barred his claims based on conduct or statements occurring during the divorce proceeding.